THOMAS DREW, RESPONDENT, v. ALFRED ANDREWS, APPELLANT.

*Trial by jury — Refusal to restate evidence, when requested by jury — Pleadings not evidence to go to the jury.*

On the trial of an action for work and labor done and materials furnished by the plaintiff for the defendant, after the jury had retired they requested of the court information as to what a witness for defendant had testified to, in reference to a portion of the work claimed for. *Held,* error for the court to refuse the request of the counsel for the defendant, made in the presence of plaintiff's counsel, to bring in the jury and state the evidence to them as requested.

When the jury had returned into court, and stated that they had found for the plaintiff but fixed no amount, *held*, error for the court to direct the jury to take the pleadings and return again and fix the amount. The pleadings were not evidence even, beyond the portion thereof admitted in the answer.

APPEAL from a judgment in favor of the plaintiff entered on the verdict of a jury, and from an order refusing a new trial on the minutes.

This action was brought in the City Court of Yonkers by Thomas Drew, plaintiff, against Alfred Andrews, defendant, to recover a balance of $382.60 alleged to be due from the defendant to the plaintiff for work, labor and services performed in the building of a foundation wall and a stone retaining wall and walls thereto, trenching for said retaining wall and extra work on the grounds of defendant, in the city of Yonkers, and in the grading of said grounds. The said retaining wall and walls thereto were built, and said grading and trenching done, under a written contract between the parties to this action. After the jury had been out about two hours they requested of the court information as to what a witness for defendant had testified in reference to a portion of the work claimed for; the counsel for the defendant, in the presence of plaintiff's counsel, asked the court to bring in the jury and state the evidence to them as requested, which the court refused to do. A short time after the jury returned into court, said they had agreed and found for the plaintiff, fixing no amount. Upon being told they must find a specific amount they stated they were unable to do so, not having the measurements. The court thereupon directed the jury to take the pleadings and return again and fix the amount. The jury found for the plaintiff in the exact amount claimed, and in the exact language used in the complaint.

*John D. Comstock*, for the appellant.

*Ralph E. Prime*, for the respondent.

BARNARD, P. J.:

I think there should be a new trial granted. The action was for work and labor done by plaintiff for defendant, and for materials furnished. There were five separate causes of action set forth in

the complaint. The answer, while admitting some work done at the prices claimed, averred that it had been fully paid. The trial was sharply contested. After the case went to the jury and they had deliberated for about two hours they requested of the court, information as to what a witness for defendant had testified in reference to a portion of the work claimed for. The counsel for the defendant, in the presence of plaintiff's counsel, asked the court to bring in the jury and state the evidence to them as requested. This most reasonable request was refused. A short time after, the jury returned into court and said they had agreed. They said they found for the plaintiff, fixing no amount. Upon being told they must find a specific amount they stated they were unable to do so not having the measurements. The court thereupon directed the jury to take the pleadings and retire again and fix the amount. This was objected to by defendant, and the decision of the court permitting the jury to take the pleadings duly excepted to. The jury then fixed the exact amount claimed by plaintiff, with interest from the date claimed in the complaint, with costs as claimed therein. The amount of the claim proven on the trial, was $1,629.01, with possible thirty-one dollars additional. The amount of payment proven was $1,304.91. The verdict is for a greater sum than the difference between either claim after deducting payments. The pleadings were not evidence even, beyond the portion thereof admitted in the answer.

I think the judgment should be reversed and new trial granted, costs to abide event.

GILBERT, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment and order denying new trial reversed, and new trial granted, costs to abide event.